FILED

03/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0456

DA 16-0456

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 73N

LARRY NEIFFER and DUANE NEIFFER,

        Plaintiffs and Appellees,

   v.

CAROL J. KOPPENSTEIN and CHRISTIAN KOPPENSTEIN,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DV-14-049
Honorable David Cybulski, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

           Carol J. and Christian Koppenstein (Self-Represented),
Carlsbad, New Mexico

       For Appellees:

           W. Anderson Forsythe, Moulton Bellingham PC, Billings, Montana

Submitted on Briefs:  March 1, 2017

Decided:  March 28, 2017

Filed:

                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Carol Koppenstein appeals from the District Court's judgments in favor of plaintiffs Larry and Duane Neiffer. We affirm. The issue on appeal is whether the District Court properly entered judgment against Koppenstein.

¶3 The parties are all siblings, and their parents operated a farm near Glendive, Montana. The parents divided their real property into three parcels and established two trusts intended to pass portions of the family farm to each of the siblings upon the parents' deaths. A 1991 trust held the property intended for Larry and Duane, while a 1993 trust held property intended for Carol. The siblings' father died in 1995 and their mother died in 2010.

¶4 Carol obtained her property pursuant to the 1993 trust. However, since that time she has attempted to establish control over the property that her parents left to her brothers Larry and Duane. She declared herself to be the "Successor Co-Trustee to Almeta Neiffer, Trustor Settlor of the Jacob and Almeta Neiffer Revocable Living Trust" and claims that her self-declared status gives her control over the property that their

2

parents left to Larry and Duane. Carol makes these declarations despite the fact, as the District Court found, that there is no basis in fact or law for her position.

¶5 Carol filed a series of pro se lawsuits against her brothers and others whom she accused of interfering with her efforts to control her brothers' lands. She made threats and filed liens against persons whom she believed opposed her claims, and she filed deeds with the Dawson County Clerk and Recorder purporting to transfer her brothers' land to herself and her husband. She made embezzlement accusations against the tenants who leased her brothers' croplands and sued them, driving them off the property and out of farming. She then leased her brothers' cropland to other tenants and collected the rents. She has not prevailed in any of her legal claims. In a separate action the District Court consolidated most of her dozen or more lawsuits and dismissed them.

¶6 Larry and Duane brought the present action against Carol to quiet title to the land their parents left to them and to enjoin her from interfering with their use and enjoyment.[1] The District Court granted summary judgment to the brothers, quieting their title to the property and enjoining Carol from further interference. Thereafter the District Court conducted a bench trial on the brothers' claims for damages, subsequently entering judgments in their favor for quiet title, damages, costs and attorney fees. The District Court also affirmed a finding from a prior case that Carol was a vexations litigant and enjoined her from filing any further actions without prior court approval.

_____

[1] The persons who leased their property from Carol were originally defendants but settled and are no longer part of the case.

3

¶7 Carol's briefs on appeal consist of extended streams of consciousness about the wrongs she alleges to have suffered at the hands of numerous individuals, judges, attorneys, and public employees. These accusations sometimes go back to events that happened several decades ago. Her belief or theory that she should control her brothers' property is not supported by any facts or by any rational argument. She has not shown any support for her contention that the District Court's decisions in this case should be reversed. We therefore affirm the District Court in all orders and judgments entered in this case.

¶8 M. R. App. P. 19(3)(a) provides that the brothers are entitled to their costs on appeal as the prevailing parties. In addition, M. R. App. P. 19(5) provides that this Court may award sanctions in an appeal that is "determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." We determine that this is such a case.

¶9 The District Court adopted the finding in a prior action declaring Carol to be a vexations litigant. In the present case, the District Court commented upon proposed findings submitted by Larry and Duane as follows:

> The Findings do not emphasize enough how damaging Koppenstein's abuses of the legal system have been. It is clear from the testimony that her actions in filing the grain lien against the Deines [tenants who leased from Larry and Duane] had a financial impact that was in effect the financial death knell of their farming operation.
> Koppenstein's vexatious litigant activities have spread even further, in that the fear of litigation, or the fear of the nuisance of litigation and its associated costs has clearly affected her brothers' ability to lease their land, and the natural extension of that is that it has affected the price they were able to obtain.

4

The local title companies seem unwilling to even risk exposing themselves to the nuisance of Koppenstein's actions.

Koppenstein's abuse and threats of abuse of the legal system extend to persons who do not farm. Joe Sharbono, whose sons farm in the area, has been threatened repeatedly [by Koppenstein] with legal action even though he has not farmed for years, is not involved at all with his son's farming operation, and is employed full time as the Dawson county road foreman.

As a whole, Koppenstein presents an excellent example of how the lien statutes, recording statutes and the legal system can be abused to wreak havoc and financial injury. Those actions clearly support an award of attorneys fees. Koppenstein's actions support an extension and continuation of the court's previous order declaring her a vexatious litigant.

The District Court's summary of Koppenstein's activities is persuasive and compelling. In addition, Koppenstein's filings in this appeal have continued her pattern of threats, unsupported accusations, unfounded legal claims and vexatious litigation.

¶10 Accordingly, pursuant to M. R. App. P. 19, we find that Larry and Duane Neiffer are entitled to their costs on appeal. In addition, we hereby impose a sanction in the amount of $2,000 against Carol Koppenstein and in favor of Larry Neiffer and Duane Neiffer. We remand to the District Court for the sole purpose of entering a judgment in favor of Larry and Duane Neiffer and against Carol Koppenstein for their costs in this appeal, and for a sanction of $2,000.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed and remanded.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON